UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN DONNELL WHITE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:19-cv-2473-JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of movant Kevin White's "Motion for Lack of Jurisdiction." Therein, movant states he seeks to vacate the sentence imposed in *United States v. White,* No. 4:11-cr-196-JCH-3 (E.D. Mo. Dec. 19, 2012). The motion is actually an unauthorized successive 28 U.S.C. § 2255 motion, and will be dismissed for lack of jurisdiction.

**Procedural Background**

On June 28, 2012, movant pleaded guilty to laundering money and conspiring to distribute and possess with intent to distribute cocaine, heroin and marijuana. On December 19, 2012 he was sentenced to serve 188 months in prison to be followed by 5 years of supervised release. *United States v. White,* No. 4:11-cr-196-JCH-3 (E.D. Mo. Dec. 29, 2012). The judgment and sentence were affirmed on direct appeal. *See United States v. White,* No. 13-1035 (8th Cir. Nov. 5, 2013). On July 27, 2015, the district court amended the judgment to reduce movant's sentence to 170 months pursuant to 28 U.S.C. § 994(u).

On August 3, 2015, movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On October 18, 2016, the Court denied the motion after determining it was untimely and that movant was not entitled to equitable tolling. *See White v.*

*United States,* No. 4:15-cv-1193-JCH (E.D. Mo. Oct. 18, 2016). Movant appealed, but on April 19, 2017 the appeal was dismissed. *White v. United States,* No. 16-4096 (8th Cir. Apr. 19, 2017).

Movant initiated this action on August 30, 2019 by filing the instant "Motion for Lack of Jurisdiction," asking this Court to vacate his sentence. In support, movant asserts numerous deficiencies in his criminal proceedings, including invalidity of the indictment, ineffective assistance of counsel, and lack of jurisdiction.

**Discussion**

While the instant motion is not titled as one brought pursuant to 28 U.S.C. § 2255, it is an attempt to launch a collateral attack on movant's sentence. Such claims must be brought under § 2255. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

As noted above, movant previously filed a § 2255 motion that was dismissed as untimely. The instant motion is therefore a "second or successive" motion as defined in 28 U.S.C. § 2255(h). *See Diaz-Diaz v. United States,* 297 F. App'x 574, 575 (8th Cir. 2008) (per curiam) (a later motion for collateral relief is considered "second or successive" if the earlier motion was dismissed as untimely). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a second or successive motion must be certified by the appropriate circuit court of appeals before it may be filed in the district court. 28 U.S.C. § 2255(h). This requirement is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). Movant may not bypass the

authorization requirement by purporting to invoke some other procedure or by labeling the motion as something other than what it is.

Because movant did not obtain authorization from the Eighth Circuit Court of Appeals before filing the instant motion, this Court lacks jurisdiction to grant the relief requested therein. The Court must therefore dismiss this action for lack of jurisdiction. This dismissal will be without prejudice to refiling if, and when, movant obtains the necessary authorization from the United States Court of Appeals for the Eighth Circuit.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's "Motion for Lack of Jurisdiction" is **DISMISSED** for lack of jurisdiction.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 4th day of September, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE